ALLEGHENY MUTUAL CASUALTY CO.,
Lavern Weddel, d/b/a Weddel Bonding,
Attorney in Fact, Judgment Debtor,

v.

STATE of Indiana, Judgment Creditor.

No. 1–681A199.

Supreme Court of Indiana.

Oct. 12, 1982.

Frank E. Spencer, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Richard Albert Alford, Deputy Atty. Gen., for appellee.

PIVARNIK, Justice, dissenting to denial of transfer.

I must respectfully dissent from the position taken by the majority who deny transfer in this case. The trial court entered a judgment for forfeiture against Defendant-Appellant-Respondent Allegheny Mutual (hereinafter Surety). The Court of Appeals reversed said judgment upon finding that Surety was not given proper notice to appear. I take issue with the Court of Appeals because I think the record shows that proper and adequate notice was given to Surety.

This case apparently springs from a clerical error in the trial court's minutes. The trial court ordered Surety's bail bond forfeited after the court found that Surety failed to surrender Richard Smith at a hearing on December 20, 1979. Actually, Surety failed to bring Smith before the court as ordered and properly informed to do so on December 10, 1979, but the record mistakenly indicated December 20 instead of December 10. Regardless of this mistake, the fact remains that although the trial court notified Surety on November 28 that Surety must produce Smith in court on December 10 or else forfeit its bond, neither Surety nor Smith were in court on December 10. The acknowledged "imperfection in the Court's record" was subsequently corrected by paragraph (c) of the trial court's entry of July 9, 1980.

No one denies that both Surety and Lavern Weddel, Surety's attorney in fact, were notified of the December 10 hearing and that neither appeared on that date. The fact that the record does not show whether a hearing was actually held on December 10 is of no import. As the State correctly points out, Ind.Code § 35–4–5–8 (Burns 1979) does not require that some legal proceeding be conducted in conjunction with the ordered appearance of a defendant. Since Surety did not appear with Smith on December 10, 1979, I believe Surety should be subject to the judgment for forfeiture.

The Court of Appeals held that because Surety was never properly notified about the December 20 hearing, Surety cannot be held liable for not presenting Smith at that time. The December 20 hearing is immaterial to this case, however. The record shows that Surety and Weddel were properly notified of the proposed December 10 hearing, at which they did not appear. The record further shows that Surety and Weddel both received the trial court's order of December 20 which noted Surety's failure to produce Smith on December 20 and which set a hearing on the forfeiture for June 23, 1980. The hearing was held and the trial court allowed Surety an additional sixty days to produce Smith. Smith was never produced, however. Despite the alleged absence of notice to Surety about the December 20 hearing, Surety was properly informed about the required December 10 appearance and was further provided an ample opportunity to redeem itself. Since the forfeiture in this case is predicated upon Surety's failure to produce Smith on December 10, it is immaterial whether or not Surety was given due notice of the December 20 hearing.

The essential facts in this case are that Surety knew about the outstanding forfeiture order in the record and that Smith did

not appear when required to do so. I do not agree with the argument of the Court of Appeals that there had to be a proceeding set for December 10 to obligate Surety to appear with Smith. A Notice to Produce a defendant in open court is all that is necessary to require a bondsman to face his obligation. The record indicates that adequate notice was provided Surety ordering Surety to present Smith before the court. Accordingly, I would affirm the trial court in its judgment for forfeiture.